**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4746

HORACE M. HARSHAW,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-94-35)

Submitted: August 24, 1999

Decided: November 29, 1999

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James E. Gronquist, Charlotte, North Carolina, for Appellant. Mark
T. Calloway, United States Attorney, Brian Lee Whisler, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Horace Montrose Harshaw appeals his conviction and sentence for being a felon in possession of a firearm. He contends that the evidence was insufficient to sustain his conviction and that the trial court erred in departing from the Sentencing Guidelines. We affirm.

Harshaw asserts that there was insufficient evidence to prove he possessed the weapon found on his seat in his car. In reviewing a sufficiency claim on appeal, we must sustain the verdict if the record contains "substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). In applying this standard, we give due regard to the fact finder's prerogative to resolve questions of credibility. See United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc).

The evidence introduced by the Government--including the observation of a gun on Harshaw's car seat and his admission that the gun was his--amply supports the jury's verdict. Harshaw contends that some of this evidence was not credible, but such determinations are to be made by the finder of fact, not an appellate court. Accordingly, we hold that there was sufficient evidence of possession.

Harshaw next asserts that the court erred in departing from the Sentencing Guidelines based upon his lengthy criminal record. We review the sentencing court's decision for abuse of discretion. See Koon v. United States, 518 U.S. 81, 96-100 (1996).

In departing from the Guidelines, the court relied upon U.S. Sentencing Guidelines Manual § 4A1.3 (1995), which authorizes a sentence outside the guidelines range if the calculation of a defendant's criminal history category significantly understates or overstates the severity of her prior offenses. The court determined that § 4A1.3 applied because Harshaw accumulated nearly twice as many criminal history points as were required to place him in the highest criminal history category recognized by the Guidelines. In addition, numerous convictions and arrests in Harshaw's past were not incorporated into

2

the calculation of his criminal history category. In light of these circumstances, we find no abuse of discretion by the district court.

For the foregoing reasons, we affirm Harshaw's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3